Skip to Main Content Logout My Account My Cases Search Menu New Civil & Family Search Refine
Search Back                                                                Location : All Civil & Family Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. 219-03497-2019

| | | |
|---|---|---|
| Arava Investments, LLC Plaintiff v. Seneca Insurance Company, Inc. Defendant | § § § § § | Case Type: **Consumer/Commercial/Debt**<br>Date Filed: **07/01/2019**<br>Location: **219th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **Seneca Insurance Company, Inc.**<br>May Be Served Through Its Registered Agent<br>Mike Hicks<br>2400 Lakeside Boulevard, Suite 200<br>Richardson, TX 75082-4377 | **Attorneys**<br>**Saira S Siddiqui**<br>*Retained*<br>713-403-8210(W)<br><br>Pro Se |
| **Plaintiff** | **Arava Investments, LLC** | **Heather E. Hall**<br>*Retained*<br>713-334-6121(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/01/2019 | **Plaintiff's Original Petition (OCA) $303.00**<br>*Plaintiff Arava Investments, LLC's Original Petition* |
| 07/01/2019 | **Case Information Sheet** |
| 07/01/2019 | **Jury Fee Paid $40.00** |
| 07/01/2019 | **Request for Citation by Certified Mail $83.00** |
| 07/01/2019 | **Citation**<br>Seneca Insurance Company, Inc.                Unserved |
| 07/30/2019 | **Original Answer**<br>*Defendant's Original Answer* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff Arava Investments, LLC**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 07/30/2019** | | 426.00<br>426.00<br>**0.00** |
| 07/01/2019 | Transaction Assessment | | 426.00 |
| 07/01/2019 | Payment          Receipt # DC-17980-2019 | Arava Investments, LLC | (426.00) |

# EXHIBIT B

Lynne Finley
District Clerk
Collin County, Texas
By Alicia Hamblin Deputy
Envelope ID: 34794079

CAUSE NO. _____219-03497-2019_____

| | | |
|---|---|---|
| **ARAVA INVESTMENTS, LLC** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **SENECA INSURANCE COMPANY,** | § | |
| **INC.** | § | |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF ARAVA INVESTMENTS, LLC'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Arava Investments, LLC, (hereinafter referred to as "Plaintiff"), complaining of Seneca Insurance Company, Inc., (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### PARTIES

2. Plaintiff is a limited liability company doing business in Collin County, Texas.

3. Seneca Insurance Company, Inc. is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Mike Hicks, located at the following address: 2400 Lakeside Boulevard, Suite 200, Richardson, Texas 75082-4377.

4.  To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.  The Court has jurisdiction over Defendant Seneca Insurance Company, Inc. because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Seneca Insurance Company, Inc. sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas.  *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7.  Venue is proper in Collin County, Texas, because the Property is situated in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.  Plaintiff purchased a policy from Defendant Seneca Insurance Company, Inc., (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 4464 W. Plano Parkway, Plano, Texas 75093.

10. Defendant Seneca Insurance Company, Inc. and/or its agent sold the Policy insuring the Property to Plaintiff.

11. On or about April 21, 2017, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Seneca Insurance Company, Inc. Plaintiff subsequently opened a claim on January 4, 2019 and Defendant Seneca Insurance Company, Inc. assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Seneca Insurance Company, Inc. wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

---

16. Defendant's assigned adjuster acted as an authorized agent of Defendant Seneca Insurance Company, Inc. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Seneca Insurance Company, Inc. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

17. Defendant Seneca Insurance Company, Inc. failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

18. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event – such as the one that damaged the Property.

19. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

20. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

21. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22. At all times material to this cause, all acts by Defendant Seneca Insurance Company, Inc. were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Seneca Insurance Company, Inc. and/or were completed in its normal and routine course and scope of employment.

23. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

24. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (*emphasis added*); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.  Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the damage to the

Property was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

27. Defendant Seneca Insurance Company, Inc. and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property.  Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

> A.  Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;
>
> B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;
>
> C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

28. When this case is tried, the evidence will show that Defendant Seneca Insurance Company, Inc. breached its duty to the Plaintiff, and that Defendant Seneca Insurance Company, Inc. was negligent, as that term is defined and applied under the laws and statutes of the State of Texas; and that such breach of its duty and negligence was a proximate cause of the damages sustained by Plaintiff.

### **BREACH OF CONTRACT**

---

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant Seneca Insurance Company, Inc.'s conduct constitutes a breach of the insurance contract made between Defendant Seneca Insurance Company, Inc. and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Seneca Insurance Company, Inc. had the absolute duty to investigate Plaintiff's damages and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite objective evidence of weather-related damages provided by Plaintiff and its representatives, Defendant Seneca Insurance Company, Inc. breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is a business who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

34. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

35. As described in this Original Petition, Defendant Seneca Insurance Company, Inc. represented to Plaintiff that its Policy and Seneca Insurance Company, Inc.'s adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

---

36. As described in this Original Petition, Defendant Seneca Insurance Company, Inc. represented to Plaintiff that its Policy and Seneca Insurance Company, Inc.'s adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

37. By Defendant Seneca Insurance Company, Inc. representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

38. Defendant Seneca Insurance Company, Inc. has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

39. Defendant Seneca Insurance Company, Inc.'s actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

40. Defendant Seneca Insurance Company, Inc.'s conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

41. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Seneca Insurance Company, Inc., to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of

Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

42. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

43. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

44. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

45. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's

denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items,

statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

46. By its acts, omissions, failures and conduct, Defendant Seneca Insurance Company, Inc. has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Seneca Insurance Company, Inc.'s unfair or deceptive acts or practices. § 541.151(2).

47. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Seneca Insurance Company, Inc. and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

48. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Seneca Insurance Company, Inc.'s actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three

times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

49. As a result of Defendant Seneca Insurance Company, Inc.'s unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. From and after the time Plaintiff's claim was presented to Defendant Seneca Insurance Company, Inc., the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim). Defendant's conduct proximately caused Plaintiff injuries and damages.

52. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the

duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

53. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code.

## DAMAGES

54. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing and/or proximate causes of the damages sustained by Plaintiff.

55. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

56. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing and/or intentional conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

57. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of five (5) percent plus the interest rate determined under Section 304.003, Finance Code, per year, together with attorney's fees. § 542.060.

58. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. Plaintiff seeks monetary relief in excess of $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the penalty interest damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Collin County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that

Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories

contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Seneca Insurance Company, Inc., disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Seneca Insurance Company, Inc.'s complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Seneca Insurance Company, Inc.'s claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Seneca Insurance Company, Inc. intends to offer these items into evidence at trial.

10.  Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11.  Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12.  Please provide copies of all marketing material sent on behalf of Seneca Insurance Company, Inc. and/or its agents after the date of loss of the Property, which is the subject of this suit.

13.  Please provide all correspondence between Seneca Insurance Company, Inc. and its assigned adjuster, and all correspondence between Seneca Insurance Company, Inc. and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person Seneca Insurance Company, Inc. expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If Seneca Insurance Company, Inc. or Seneca Insurance Company, Inc.'s representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Seneca Insurance Company, Inc. or any of Seneca Insurance Company, Inc.'s representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Seneca Insurance Company, Inc.'s investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.      The date and manner in which Seneca Insurance Company, Inc. received notice of the claim;

     b.     The date and manner in which Seneca Insurance Company, Inc. acknowledged receipt of the claim;

     c.     The date and manner in which Seneca Insurance Company, Inc. commenced investigation of the claim;

     d.     The date and manner in which Seneca Insurance Company, Inc. requested from the claimant all items, statements, and forms that Seneca Insurance Company, Inc. reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

     e.     The date and manner in which Seneca Insurance Company, Inc. notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Seneca Insurance Company, Inc. anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Seneca Insurance Company, Inc.'s document retention policy.

10. Does Seneca Insurance Company, Inc. contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Seneca Insurance Company, Inc. contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Seneca Insurance Company, Inc. contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Seneca Insurance Company, Inc.'s bonus or incentive plan for adjusters.

## **CONCLUSION**

66. Plaintiff prays that judgment be entered against Defendant Seneca Insurance Company, Inc.

and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment

interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Seneca Insurance Company, Inc., and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

Respectfully submitted,


*/s/Heather E. Hall*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Heather E. Hall
State Bar No. 24089909
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

Filed: 7/1/2019 11:14 AM
Lynne Finley
District Clerk
Collin County, Texas
By Alicia Hamblin Deputy
Envelope ID: 34794079

Case 4:19-cv-00572  Document 1-2  Filed 07/30/19  Page 21 of 30 PageID #:26

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __219-03497-2019__   COURT *(FOR CLERK USE ONLY):* _____

STYLED __Arava Investments, LLC v Seneca Insurance Company, Inc.__

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Heather E. Hall | Email:<br>Heather@mma-pllc.com | Plaintiff(s)/Petitioner(s):<br>**Arava Investments, LLC** | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>516 Heights Blvd, | Telephone:<br>713-344-6121 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77OO7 | Fax:<br>713-322-5953 | Defendant(s)/Respondent(s):<br>**Seneca Insurance Company, Inc.** | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: *Heather E. Hall* | State Bar No:<br>240899O9 | _____ | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings<br><br>☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

4. Indicate damages sought *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2713

CITATION BY MAILING
THE STATE OF TEXAS
219-03497-2019

Arava Investments, LLC Plaintiff v. Seneca                    219th District Court
Insurance Company, Inc. Defendant

                                                             Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO: Seneca Insurance Company, Inc.
May Be Served Through Its Registered Agent
Mike Hicks
2400 Lakeside Boulevard Suite 200
Richardson TX 75082-4377, Defendant

You are commanded to appear by filing a written answer to **Plaintiff Arava Investments, LLC's Original
Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date
of service of this citation before the 219th District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Heather E Hall  McClenny Moseley & Associates PLLC
516 Heights Blvd  Houston TX 77007 (Attorney for Plaintiff or Plaintiffs), on the 1st day of July, 2019.

        Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 1st day of
July, 2019.

                                            ATTEST: Lynne Finley, District Clerk
                                                    Collin County, Texas
                                                    Collin County Courthouse
                                                    2100 Bloomdale Road
                                                    McKinney, Texas 75071
                                                    972-548-4320, Metro 972-424-1460, ext. 4320


                                            By: _____, Deputy
                                                       Alicia Hamblin


The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any
questions you have should be directed to an attorney.



**ALICIA HAMBLIN**
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD STE 12132
MCKINNEY, TX 75071-8318



**9214 8901 0661 5400 0140 0400 47**

**RETURN RECEIPT (ELECTRONIC)**

**219-03497-2019**
SENECA INSURANCE COMPANY, INC.
MAY BE SERVED THROUGH ITS REGISTERED AGENT
MIKE HICKS
2400 LAKESIDE BLVD STE 200
**RICHARDSON, TX  75082-4377**

---

CUT / FOLD HERE                                                                                      Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v1.2.10.0

Lynne Finley
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 35542468

CAUSE NO. 219-03497-2019

| | | |
|---|---|---|
| ARAVA INVESTMENTS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | COLLIN COUNTY, TEXAS |
| | § | |
| SENECA INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | 219th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Seneca Insurance Company ("Defendant") files this Original Answer to Plaintiff's Original Petition, and would respectfully show the following:

## I.   **GENERAL DENIAL**

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.   **DISCOVERY PLAN:  LEVEL TWO**

Defendant asserts that Level Two discovery is appropriate in this case.

## III.   **SPECIAL EXCEPTIONS**

### FIRST SPECIAL EXCEPTION
### Breach of Contract

Defendant specifically excepts to Plaintiff's Petition because it only vaguely and generically alleges that it breached its contract of insurance. The vague and indefinite breach of

contract claim fails to:  (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was covered under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Defendant which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

## SECOND SPECIAL EXCEPTION
### Bad Faith Claims

Defendant specially excepts to Plaintiff's Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets forth the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

## THIRD SPECIAL EXCEPTION
### Chapter 541

Defendant specially excepts to Plaintiff's Petition because Plaintiff's Chapter 541 claims are deficient. The elements of a cause of action under Chapter 541 are:  (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the Defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) Defendant's acts were a producing cause Plaintiff's damages.

Plaintiff generically alleges that Defendant violated subparts of §541 but fails to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

## FOURTH SPECIAL EXCEPTION
### Chapter 542

Defendant specially excepts to Plaintiff's Petition because Plaintiff's Chapter 542 claims are deficient.  Plaintiff generically alleges that Defendant violated subparts of §542 but fails to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

## FIFTH SPECIAL EXCEPTION
### DTPA Violations

Defendant specially excepts to Plaintiff's Petition because its assertions under the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") are deficient. Specifically, Plaintiff fails to provide Defendant with fair notice of the facts and circumstances supporting the alleged DTPA violations in the Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims and alleged damages.

## IV.    <u>AFFIRMATIVE DEFENSES</u>

## FIRST AFFIRMATIVE DEFENSE
### Policy Terms and Conditions

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Defendant hereby incorporates the terms of its Policy by reference.

## SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiff fails to describe how Defendant's

alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

### THIRD AFFIRMATIVE DEFENSE
### Concurrent Causation

Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered and non-covered perils. *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

### FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Defendant, and Defendant possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

### FIFTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages.  Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

4

Plaintiff has waived and/or is estopped from asserting the claims against Defendant in Plaintiff's Original Petition.

### EIGHTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

### NINTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

### TENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

### ELEVENTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

### TWELFTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Defendant invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or

5

punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

## V. PRAYER

Defendant request that Plaintiff takes nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:*/s/ Saira S. Siddiqui*
    James N. Isbell
    Attorney-in-Charge
    Bar No. 10431900
    jisbell@thompsoncoe.com
    Christopher H. Avery
    Bar No. 24069321
    cavery@thompsoncoe.com
    Saira S. Siddiqui
    Bar No: 24093147
    ssiddiqui@thompsoncoe.com
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299
    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July a true and correct copy of the foregoing instrument was served upon counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Saira S. Siddiqui*

Saira S. Siddiqui